UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JEFFREY ALLEN ROWE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-00599-SEB-MPB |
| | ) | |
| ALICIA D. COOMER LPN, | ) | |
| BRUCE D. IPPEL M.D., | ) | |
| CORIZON HEALTH INC., | ) | |
| MEGHAN MILLER HSA, | ) | |
| MELISSA S. WEHRLEY R.N., | ) | |
| BRUBAKER NURSE PRACTITIONER, | ) | |
| LPN AMBER DILLOW, | ) | |
| LPN DOUGLAS BEITLER, | ) | |
| NP JEFFREY GLOVER, | ) | |
| | ) | |
| Defendants. | ) | |

**Order Granting Motion for Reconsideration,
Denying Motion for the Court to Appoint an Expert, and
Denying Motion for Assistance with Recruiting Counsel**

**I. Motion for Reconsideration**

Plaintiff Jeffrey Allen Rowe's motion for reconsideration, dkt. [71], is **granted** to the extent the Court will now reconsider Mr. Rowe's request for the Court to appoint a Rule 706 neutral expert filed November 1, 2017.

**II. Motion for the Court to Appoint an Expert**

Mr. Rowe brought this action pursuant to 42 U.S.C. § 1983 against the defendants alleging that they violated his Eighth Amendment rights due to their deliberate indifference to his right thumb injury and that certain defendants committed medical malpractice. Presently before the Court is the plaintiff's motion for the Court to appoint a neutral medical expert under Rule 706 of the Federal Rules of Evidence. The defendants oppose this motion. For the reasons explained

below, the plaintiff's motion, dkt. [54], is **denied** at this time. The Court will reconsider, *sua sponte*, the motion for the Court to appoint a Rule 706 expert when briefing for summary judgment is complete.

Rule 706 of the Federal Rules of Evidence permits the Court to appoint a neutral expert witness "that the parties agree on and any of its own choosing." Fed. R. Evid. 706(a). The purpose of this rule is to allow the Court to obtain neutral expert testimony when "scientific or specialized knowledge will help the court to understand the evidence or decide a disputed fact." *Elcock v. Davidson*, 561 Fed. Appx. 519, 524 (7th Cir. 2014). The Court, however, "need not appoint an expert for a party's own benefit or to explain symptoms that can be understood by a layperson." *Turner v. Cox*, 569 Fed. Appx. 463, 468 (7th Cir. 2014) (citations omitted).

The claims in this case are that: (1) Defendants Wehrley, Beitler, Dr. Ippel, Miller, Coomer, Dillow, Brubaker, Glover, and Corizon violated his Eighth Amendment rights by being deliberately indifferent to his serious medical needs by delaying or failing to provide treatment for the soft tissue injury to his right thumb causing excruciating pain and limited mobility; (2) Beitler and Coomer were negligent in their duty to see Mr. Rowe within 24 hours of receiving a Request for Health Care; (3) Dr. Ippel, Brubaker and Glover committed medical malpractice; (4) Dillow was negligent for failing to promptly schedule a requested chronic care visit; and (5) Corizon has a policy, practice, or custom of providing untimely and inadequate medical care to prisoners. *See dkt. 49.

Mr. Rowe argues that a Rule 706 expert is necessary in order to achieve "approximate parity" in the case (dkt. 54 at 2, dkt. 57 at 2), and so that he can "utilize the Court's expert to further his case/claims" (dkt. 57 at 2). Defendants object to Mr. Rowe's attempt to utilize the Court's resources by requesting a Court-appointed "neutral" expert for his own personal use. *See* dkt. 56

at 3, 5. They further respond that an independent expert is not necessary to substantiate Mr. Rowe's claims of thumb pain as pain complaints are completely subjective and only Mr. Rowe can testify as to whether he experienced pain. Dkt. 56 at 3. Moreover, defendants argue that the issues in this case are not so complex as to require an expert as the medical issues (soft tissue injury to thumb) are not complicated, and the medical records and Mr. Rowe's own testimony are sufficient to present his case. *Id.* at 5.

At this time, the Court has not yet determined whether the issues in this case are so complex as to require the assistance of expert testimony. For example, determining deliberate indifference is generally not so complicated that an expert is required. *See Ledford v. Sullivan*, 105 F.3d 354, 358-59 (7th Cir. 1997). Moreover, "expert testimony is not necessary to explain symptoms [such as pain from an injured right thumb] that can be understood by a layperson." *Elcock*, 561 F. App'x at 524 (*Gil v. Reed*, 381 F.3d 649, 659 (7th Cir. 2004)). Finally, the Court notes that in its experience, expert witness fees are often more than $10,000 and in this case, Mr. Rowe's malpractice claims seek less than $10,000. *See* dkt. 59 at 4 n. 3.

The Court takes judicial notice that the deadline for filing dispositive motions is soon—April 2, 2018. *See* dkt. 64. Thus, the Court will reconsider the necessity of a Rule 706 expert at the completion of briefing on any summary judgment motions that are filed. At that time, the Court will better understand whether an expert is needed to "help sort through conflicting evidence" or to add understanding to the case. *See Turner*, 569 F. App'x at 468 (internal citations omitted).

Accordingly, Mr. Rowe's request for the Court to appoint a medical expert, dkt. [54], is **denied** at this time.

### III. Motions for Assistance with Recruiting Counsel

Mr. Rowe's motions for assistance with recruiting counsel, dkts. [54] and [72], are **denied.** Pursuant to 28 U.S.C. § 1915(e)(1), courts are empowered only to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). The Court does not have enough lawyers willing and qualified to accept a pro bono assignment in every pro se case. As a result, this Court has no choice but to limit appointment of counsel to those cases in which it is clear under the applicable legal test that the plaintiff must have the assistance of a lawyer.

"When confronted with a request . . . for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). The court must deny "out of hand" a request for counsel made without a showing of such effort. *Farmer v. Haas*, 990 F.2d 319 (7th Cir. 1993), *cert. denied*, 114 S. Ct. 438 (1993).

Mr. Rowe asserts that he has been unsuccessful in recruiting representation on his own. Although the Court concludes, based on the above filing, that the plaintiff has made a reasonable effort to secure representation, he should continue those efforts.

The Court proceeds to the second inquiry required in these circumstances. Here, the Court must analyze the plaintiff's abilities as related to "the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. Accordingly, the question is not whether an attorney would help the plaintiff's case, but whether, given the difficulty of the case, the plaintiff seems competent to litigate it himself. *Id.* at 653-55.

The Court will not attempt to recruit counsel to represent the plaintiff at this time. Mr. Rowe requests assistance of counsel because he asserts his claims will require expert testimony, and his incarceration prevents him from locating and hiring such an expert. *See* dkt. 72 at 3; *see also* dkt. 54 at 3-4. Mr. Rowe does not claim that he needs assistance of counsel with respect to any other aspect of his case beyond procurement and compensation of an expert.

The claim in this case is not complex – when blocking a punch during a fight with another prisoner, Mr. Rowe suffered a right thumb injury for which he allegedly was denied treatment and care. He has been able to coherently describe this claim and its factual basis. Moreover, as explained above, at this time, the Court has not yet determined whether expert testimony is necessary to assist the Court's understanding of the claims and evidence. In addition, based on the plaintiff's comprehensible filings, his use of the court's processes, and his familiarity with the factual circumstances surrounding his legal claims, the plaintiff is competent to litigate on his own. As the Seventh Circuit has previously noted,

> Rowe appears capable of handling civil-rights litigation on his own: In this suit alone he aggressively conducted discovery, fended off the defendants' attempt to convince the court that he had incurred three "strikes" under 28 U.S.C. § 1915(g), and forced the defendants to abandon a nonexhaustion defense. His extensive litigation history—he has filed 22 civil-rights complaints or petitions for habeas corpus since 2004—suggests that these successes were the product of experience rather than blind luck.

*Rowe v. Morton*, 525 F. App'x 426, 429 (7th Cir. 2013).

The Court will, however, be alert to the possibility of recruiting representation for the plaintiff at trial or at other points in the case where the plaintiff's incarceration and pro se status would make it particularly difficult for him to proceed without representation and to the possibility at those points where the assistance of counsel would be a benefit of both the plaintiff and the Court in the presentation of the case.

5

Based on the foregoing, therefore, the plaintiff's motions for assistance with recruiting counsel, dkt. [54] and [72], are **denied.**

**IT IS SO ORDERED.**

Date: 3/6/2018

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JEFFREY ALLEN ROWE
116017
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Jeb Adam Crandall
BLEEKE DILLON CRANDALL ATTORNEYS
jeb@bleekedilloncrandall.com

Britney Jade McMahan
BLEEKE DILLON CRANDALL, PC
britney@bleekedilloncrandall.com