UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JEFFREY ALLEN ROWE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-00599-SEB-MPB |
| | ) | |
| MEGHAN MILLER HSA, | ) | |
| LPN DOUGLAS BEITLER, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**Order Amending July 10, 2018, Order and
Denying Motion for Reconsideration**

I.      **Amending July 10, 2018, Order**

The Court amends by interlineation the quote regarding objectively serious medical need

in *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008), on page 19 of dkt. 93 to read:

> An objectively serious medical need is "one that has been diagnosed by a physician
> as mandating treatment or one that is so obvious that even a lay person would
> perceive the need for a doctor's attention." *Hayes v. Snyder*, 546 F.3d 516, 522
> (7th Cir. 2008) (internal quotations and citations omitted).

II.      **Motion for Reconsideration**

Presently pending before the Court is plaintiff Jeffrey Allen Rowe's motion for

reconsideration of the Court's July 10, 2018, Order granting in part defendants' motion for

summary judgment and denying plaintiff's partial motion for summary judgment, dkt. 93. Rowe

asks the Court to reconsider its holding that defendants Melissa Wehrley, Dr. Bruce Ipple, Alicia

Coomer and Amber Dillow were not deliberately indifferent to Rowe's serious medical need in

violation of his Constitutional rights. Dkt. 102. The defendants filed a response in opposition.

Dkt. 104. Rowe failed to file a reply, and the time to do so has passed. Each request for reconsideration is discussed separately below.

### A.  Legal Standard

Motions to reconsider orders other than final judgments are governed by Rule 54(b). "Motions to reconsider serve a limited function, to be used 'where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.'" *Davis v. Carmel Clay Schs.*, 286 F.R.D. 411, 412 (S.D. Ind. 2012) (quoting *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)) (additional quotations omitted). A court may grant a motion to reconsider where a movant demonstrates a manifest error of law or fact; however, a motion to reconsider is not an occasion to make new arguments. *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996); *Granite St. Ins. Co. v. Degerlia*, 925 F.2d 189, 192 n.7 (7th Cir. 1991). A motion to reconsider under Rule 54(b) may also be appropriate where there has been "a controlling or significant change in the law or facts since the submission of the issue to the Court." *Bank of Waunakee*, 906 F.2d at 1191 (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc*., 99 F.R.D. 99, 101 (E.D. Va. 1983)). Motions for reconsideration in the district courts are generally disfavored because "a re-do of a matter that has already received the court's attention is seldom a productive use of taxpayer resources because it places all other matters on hold." *Burton v. McCormick*, No. 3:11-CV-026, 2011 U.S. Dist. LEXIS 50891, 2011 WL 1792849, at *1 (N.D. Ind. May 11, 2011) (quoting *United States v. Menominee Tribal Enters*., No. 07-C-317, 2009 U.S. Dist. LEXIS 45614, 2009 WL 1373952, at *1 (E.D. Wis. May 15, 2009)).

## B.  Melissa Wehrley

Rowe first requests that the Court reconsider its finding that Nurse Wehrley was not deliberately indifferent to his serious medical need.  Dkt. 102 at 1-2.  He argues that the Court "either overlooked or did not properly credit" his evidence that he was suffering from excruciating pain and could barely move his thumb when he first saw Nurse Wehrley, and that Nurse Wehrley did not give him anything for his pain.  *Id.* at 1-2.

Rowe is mistaken that the Court overlooked or did not properly credit his evidence.  In his statement of undisputed facts, Rowe stated:

11. Shortly after Rowe sustained the injury to his right thumb, he was seen by Registered Nurse Melissa Wehrley, at which point: (a) Rowe told her (i) how he injured his thumb, (ii) that he was in excruciating pain, and (iii) that he could barely move his thumb; (b) Nurse Wehrley put an ace wrap on Rowe's hand and told Rowe that if his thumb swells up or bruises, to put in a HCRF; and (c) Even though Rowe asked Nurse Wehrley for something for his pain, and Dr. Ipple apparently gave Nurse Wehrley a verbal or telephone prescription order for Tylenol, Nurse Wehrley did not give Rowe anything for his pain on August 4, 2016. (App., at pp. 4 and 140-142).

Dkt. 78 at 5.  Although the Court did not recite Rowe's statement that he was in "excruciating pain" and "could barely move his thumb" in its July 10, 2018, order, it is immaterial that he was in excruciating pain and could barely move his thumb when he first saw Nurse Wehrley because Nurse Wehrley addressed his medical need and applied an Ace wrap to Rowe's right hand, which, according to Rowe, provided "immediate improvement in comfort."  Dkt. 80-11 at 2.  Rowe acknowledges that the circumstances in his statement of undisputed fact appear in chronological order, and that nurse Wehrley applied the Ace wrap after Rowe's complaints of excruciating pain.  Dkt. 102 at 2, n. 1.  Moreover, the Court acknowledged there was a dispute as to whether Nurse Wehrley actually provided Tylenol to Rowe, but the Court explained why the disputed fact was not material.  *See* dkt. 93 at 25.

Because Rowe fails to identify any newly discovered evidence or show that the Court made a manifest error of law or fact, Rowe's motion for reconsideration as to defendant Nurse Melissa Wehrley is **denied**.

### C. Dr. Bruce Ipple

Rowe next requests that the Court reconsider its finding that Dr. Bruce Ipple[1] was not deliberately indifferent to his serious medical need. Dkt. 102 at 2-4. Rowe asserts that, contrary to the Court's finding, there is evidence that Dr. Ipple was aware of Rowe's communications. *Id.* at 3. Rowe also asserts that because Dr. Ipple provided a diagnosis of his injury as a "soft tissue injury" and prescribed Tylenol and heat therapy, his condition was necessarily a "serious medical need." *Id.* Rowe also disputes on the Court's reliance on the October 3, 2016, x-ray in determining that his injured thumb was no longer a "serious medical need" after that date. *Id.*

In his motion for reconsideration, Rowe states:

> the Court's reliance on Dkt. 80-3 at ¶ 9 for the conclusion that Dr. Ippel did not read the Plaintiff's "communications" is problematic because Ippel's testimony is/was that he did not read Plaintiff's Health Care Request Forms and grievances, id., whereas Plaintiff contends he also sent Ippel "letters" (Plaintiff's Fact No.'s 21 and 27), which Ippel has **not** testified about.

Dkt. 102 at 4. Rowe is mistaken. Dr. Ipple testified that "I am not aware of, and did not receive, any letters or Request for Healthcare ("RFHC") forms submitted by Jeffrey Rowe from August 4, 2016 through October 3, 2016." Dkt. 80-3 at ¶ 9. Accordingly, Rowe fails to show any error in the Court's finding that Dr. Ipple was not aware of Rowe's communications, *see* dkt. 93 at 29.

Rowe next takes issue with the Court's analysis of whether his injury was a "serious medical need" after October 3, 2016. Applying *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008), Rowe appears to allege that any injury that has a diagnosis/identifiable name and has a

---

[1] In the Court's holding, the Court spelled Dr. Ipple's name as "Dr. Ippel."

treatment must be a "serious medical need." But as the Court explained, not "every ache and pain or medically recognized condition involving some discomfort can support an Eighth Amendment claim." Dkt. 93 at 19 (citing *Gutierrez v. Peters*, 111 F.3d 1364, 1372 (7th Cir. 1997)). Nor is any ailment with a diagnosis and for which a "treatment" available necessarily a "serious medical need." For example, a failure to treat a common cold, for which one would generally take medication, does not constitute deliberate indifference to a serious medical need. *Gibson v. McEvers*, 631 F.2d 95 (7th Cir. 1980). The Court further explained that "where his right thumb was verified by x-ray to not have suffered a serious injury and where his only complaint was chronic continued pain, no reasonable jury would find that Rowe's thumb was 'objectively serious' at this time." Dkt. 23 at 23. In relying on the October 3, 2016, x-ray of Rowe's right thumb, the Court merely identified that there was no fracture, dislocation, or other abnormality of the thumb. *Id.* The Court acknowledged that Rowe continued to experience pain in his thumb, but "Rowe's pain seems more akin to 'minor aches and pains …--the sorts of ailments for which many people who are not in prison do not seek medical attention.'" *Id.* Beyond his disagreement with the Court's holding, Rowe fails to explain why the Court should reconsider its finding that after October 3, 2016, his right thumb injury was not a "serious medical need."

Because Rowe fails to identify any newly discovered evidence or show that the Court made a manifest error of law or fact, Rowe's motion for reconsideration as to defendant Dr. Bruce Ipple is **denied**.

### D.     Alicia Coomer

Rowe next requests that the Court reconsider its finding that Alicia Coomer was not deliberately indifferent to his serious medical need. Dkt. 102 at 4-5. He asserts that the Court failed to credit his statement that "he personally gave Coomer 'at least five (5)' Health Care Request Forms…and is not taking into account that Coomer herself has admitted that she has

reviewed, respond to and taken action on some of Plaintiff's [other] Health Care Request Forms."
*Id.* at 4. Rowe also argues that Nurse Coomer persisted with a course of treatment (heat therapy) that she knew was ineffective and violated prison policy by referring him to chronic care instead of to a practitioner. *Id.* at 5.

First, Rowe is mistaken that the Court failed to credit his statement that he personally gave Coomer at least five Health Care Request Forms. The Court made a note of it, but held that "[t]here is no evidence that Nurse Coomer actually read Rowe's alleged communications." Dkt. 93 at 30-31. Nurse Coomer testified that "[it] was my practice to document my review of RFHC forms by affixing my signature or initials to the document. If my signature or initials are not on the document, I did not review it." Dkt. 80-4 at 5. She then testified as to three RFHCs Rowe submitted between October 4, 2016, through January 2017, but testified that "Mr. Rowe did not submit any other RFHC forms during this time period." *Id.* at 5-6. Although there is testimony that Rowe hand-delivered five RFHCs and testimony that Nurse Coomer has read and responded to ***other*** RFHCs, there is simply no testimony to support that Nurse Coomer read the five hand-delivered RFHCs or that she ignored the RFHCs. Thus, the Court will not reconsider its finding on the issue of whether Nurse Coomer inappropriately delayed treatment by failing to respond to Rowe's RFHCs. *See* dkt. 93 at 30-31.

Second, as in his prior briefing, Rowe focuses on his displeasure with Nurse Coomer's failure to provide him with Tylenol or other pain medication and her referral of him to chronic care instead of a practitioner. However, under the Eighth Amendment, an inmate "is not entitled to demand specific care … [he] is entitled to reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997); *Johnson v. Doughty*, 433 F.3d 1001, 1012 (7th Cir. 2006). Here, the Court explained that "Rowe was not suffering from a serious

medical condition," and that "a reasonable jury would not find Nurse Coomer's failure to provide Tylenol, which was available to and was actually procured by Rowe through other means, was deliberate indifference to Rowe's pain, where Nurse Coomer suggested that he continue heat treatment and he later indicated it provided some relief. A reasonable jury would also not find Nurse Coomer's referral of Rowe to a Chronic Care Clinic for his chronic thumb pain to be deliberate indifference." Dkt. 93 at 31-32. Although Rowe argues that Nurse Coomer persisted in a treatment that she knew was ineffective, in the briefing for the motions for summary judgment, Rowe did not present any evidence that Nurse Coomer was aware that heat therapy was not working, and the time to present such evidence has passed. *See, e.g.*, dkt. 78; dkt. 86.

Because Rowe fails to identify any newly discovered evidence or show that the Court made a manifest error of law or fact, Rowe's motion for reconsideration as to defendant Nurse Alicia Coomer is **denied**.

### E. Amber Dillow

Finally, Rowe requests that the Court reconsider its finding that Amber Dillow was not deliberately indifferent to his serious medical need. Dkt. 102 at 5-7.

Rowe first asserts that the Court improperly found that he did not have a serious medical need after October 3, 2016, the same argument he previously presented with regard to Dr. Bruce Ipple. As explained above, Rowe fails to show why the Court should reconsider this finding.

Rowe next asserts that "there is serious flaws with [the Court's holding for Nurse Dillow] and the Court has ignored many of Plaintiff's Facts." Dkt. 102 at 6. Rowe continues to focus on the delay between his January 23, 2017, appointment with Nurse Coomer when he was scheduled for chronic care, and the May 4, 2017, chronic care appointment. In his prior briefing, Rowe failed "to show that Nurse Dillow 'knew about [Rowe]'s condition and the substantial risk of harm it posed,'" dkt. 93 at 32, and he continues to fail to do so. Instead, he identifies a statement made by

Nurse Coomer and the fact that Nurse Coomer did not testify that all she reviewed was the email stating "ccc/thumb pain." However, a statement from a different person cannot translate to the knowledge of Nurse Dillow. Additionally, the lack of evidence by Nurse Coomer that she did not know of his condition does not equate to evidence in support of Rowe's assertion that Nurse Coomer must have known.

In its holding, the Court also explained that Rowe "fails to show that the delay was inappropriately long, beyond arguing that it "defies" logic he was not seen sooner, or that any delay caused harm." Dkt. 93 at 33. In short, because Rowe fails to identify any newly discovered evidence or show that the Court made a manifest error of law or fact, Rowe's motion for reconsideration as to defendant Nurse Amber Dillow is **denied**.

### F.    Conclusion

Rowe's motion for reconsideration, dkt. [102], is **DENIED**. He fails to show any manifest error in the Court's July 10, 2018, Order, and reconsideration is warranted simply because he is disappointed in the Court's holding. *See Oto*, 224 F.3d at 606.

**IT IS SO ORDERED.**

Date:        9/25/2018                          _Sarah Evans Barker_

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JEFFREY ALLEN ROWE
116017
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Electronically Registered Counsel